IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THOMAS GILMORE STEWART, ) <br> aka GIL STEWART, #571499, ) <br>         Plaintiff, ) <br> ) <br> v. ) <br> ) <br> APRIL E. SMITH, ) <br>         Defendant. ) | 3:07-CV-1991-L |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

On July 6, 1998, the Fifth Circuit Court of Appeals sanctioned Plaintiff Thomas Gilmore Stewart and "barred [him] from filing any pleadings or documents of any kind, either in the district courts of this circuit or in this court, without advance written permission of a judge of the forum court." *Stewart v. Mesquite*, No. 96-10931 (5th Cir. 1998). On June 2, 2000, the Fifth Circuit imposed a monetary sanction of $105 on Plaintiff and warned him that any attempt to file frivolous pleadings in the future will result in further sanction. *In re Stewart*, No. 99-11072 (5th Cir. 2000).

Before the court is a letter from Mr. Stewart dated October 28, 2007, and which was filed as a civil action by the clerk on November 28, 2007. In substance the letter requests leave of

1

court to file a civil rights action against April E. Smith, whom Stuart identifies as a person designated by a state district court in Dallas County to develop the record in his most recent art. 11.07 application. He claims that Ms. Smith did not properly discharge the assigned functions.[1]

Although 28 U.S.C. § 2254 permits review of federal constitutional claims by a state prisoner within statutory limits and parameters, a claim that errors or irregularities occurred in the state court habeas proceedings does not state a cognizable claim for federal court relief. Therefore, Stewart's letter treated as a motion for leave to file a federal court action fails to present good cause.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the motion for leave to file a federal court action be DENIED, and that this case be ADMINISTRATIVELY CLOSED.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 17th day of December, 2007.

*Wm. F. Sanderson, Jr.*

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district

---

[1] It appears that his application was ultimately denied. *See Ex parte Stewart*, WR-26,727-04 (Tex. Crim. App. Oct. 10, 2007).

judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.